**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **CAROLYN DAVIS,** <br>  **Plaintiff,** <br> v. <br> **CHASE BANK,** <br>  **Defendant.** | **1:17-cv-4206-WSD** |

## OPINION AND ORDER

This matter is before the Court on Defendant Chase Bank's ("Defendant") Motion to Dismiss [6] (the "Motion"). The Motion is unopposed.

**I.  BACKGROUND**

On October 23, 2017, Plaintiff Carolyn Davis ("Plaintiff"), proceeding *pro se*, filed her Complaint containing one and half pages of conclusory, vague factual and legal allegations. ([1] at 1-2). In it, Plaintiff claims that, in 1997, Defendant provided Plaintiff with a mortgage loan for $237,000 for her new house. (Id. at 2). Plaintiff alleges that, from 1997 to present, Plaintiff paid $416,497.20 to Defendant for the mortgage loan. (Id.). Plaintiff states that "Chase Bank is still illegally billing [her]," and maintains that she owes $354,464.82 on the loan (Id.). Plaintiff alleges that "Chase Bank is still [p]resently extorting $2,347.00 each month from

the [f]raud [m]odification." (Id.). It appears Plaintiff is referring to a loan modification that was agreed to as part of a Chapter 13 bankruptcy proceeding entered into by Plaintiff in June 2008. (Id.). Plaintiff asserts violations of "Chapter 13 Laws and Discharge Law" and "[r]epeated [v]iolations of [m]ortgage [l]oan [f]raud and [p]redatory [l]ending." (Id. at 1-2). Plaintiff seeks (1) the cancellation of her fraud modification; (2) a mortgage discharge document provided by Defendant; and (3) $2 million in damages. (Id.).

On December 8, 2017, Defendant filed its Motion to Dismiss, arguing that Plaintiff's Complaint should be dismissed for insufficient service of process. Plaintiff did not file a response and Defendant's motion is thus deemed unopposed. See LR 7.1(B), NDGa.

## II. DISCUSSION

### A. Legal Standard

"A plaintiff is responsible for serving the defendant with both a summons and the complaint within the time permitted under Rule 4(m)." Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 347 (11th Cir. 2006).

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. (4)(m); see Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007). The manner in which a corporation must be served is governed by Rule 4(h) of the Federal Rules of Civil Procedure. It provides:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>> (1) in a judicial district of the United States:
>>
>>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>>
>>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
>>
>> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

Good cause for insufficient service exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey, 476 F.3d. at 1281. Even absent good cause, a district court has discretion to extend the time for service of process. Id. at 1282. "Relief

may be justified, for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service." Id.

"A Rule 12(b)(5) motion challenging sufficiency of service must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." Moore, 916 F. Supp. 2d at 1339. If the Rule 12(b)(5) motion meets these requirements, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); see Lowdon PTY Ltd. v. Westminster Ceramics, LLC, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008). "If the plaintiff presents countering evidence, the court must construe all reasonable inferences in favor of the plaintiff," id., and "the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process," Hollander v Wolf, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009); see Fru Veg Marketing, Inc. v. Vegfruitworld Corp., 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012).

"Service of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit."

4

Abele v. City of Brooksville, Fla., 273 F. App'x 809, 811 (11th Cir. 2008); see Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."). A litigant's *pro se* status does "not excuse mistakes he makes regarding procedural rules." Nelson v. Barden, 145 F. App'x 303, 311 (11th Cir. 2005) (explaining that the court "never suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law").

B. Analysis

Defendant argues in its Motion that Plaintiff's service of summons and Complaint by certified mail on a local Chase branch is insufficient under the Federal Rules of Civil Procedure and Georgia law to confer personal jurisdiction over Defendant. ([6.1] at 3). In this instance, the Federal Rules do not provide for service by certified mail. Under Georgia law, a foreign corporation[1] may not be

---

[1] Because Chase is not organized under the laws of Georgia, it is considered a "foreign corporation" for purposes of Georgia law. See O.C.G.A. § 14-2-140.

served by certified mail unless the corporation has no registered agent in the state or the registered agent cannot be served with reasonable diligence. O.C.G.A. §§ 9-11-4(e)(1)(A) and 14-2-1510(b). Even then, a plaintiff choosing to serve a corporation by certified mail must direct the mailing to the CEO, CFO, secretary, or comparable officer of the foreign corporation at the corporation's principal office. O.C.G.A. § 14-1-1510(b). The plaintiff is also required to serve a copy of the process on Georgia's Secretary of State and pay a $10 filing fee.

Defendant represents in the Motion that it has a registered agent in Georgia. ([6.1] at 5). Defendant argues that Plaintiff's proof of service [3] does not document personal service on the registered agent or that the registered agent could not be served with reasonable diligence. (Id.). Defendant asserts finally that Plaintiff's proof of service fails to state that the certified mailing was addressed to the CFO, CEO, secretary, or comparable officer at Defendant's principal office in New York, and that Plaintiff served the Secretary of State and paid the filing fee.

The Court agrees that Plaintiff failed to comply with the service requirements of the Federal Rules of Civil Procedure and Georgia law, and finds that it therefore lacks personal jurisdiction over Defendant. See Ballew v. Roundpoint Mortgage Servicing Corp., 491 F. App'x 25, 26 (11th Cir. 2012) ("Valid service is a prerequisite for a federal court to assert personal

jurisdiction over a defendant."); Pardazi, 896 F.2d at 1317 ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."). Defendant's Motion to Dismiss is granted and this action is dismissed without prejudice. See Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) ("A court without personal jurisdiction is powerless to take further action."); Read v. Ulmer, 308 F.2d 915, 917 (5th Cir. 1962) ("It would seem elementary that if the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Chase Bank's Motion to Dismiss [6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time to Respond to Plaintiff's Complaint [5] is **DENIED AS MOOT**.[2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

---

[2] Because the Court grants Defendant's Motion to Dismiss, the Court finds Defendant's Motion to Extend now moot.

**SO ORDERED** this 9th day of January, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE